FILED

BILLINGS, MT

2007 OCT 9 AM 11 32

PATRICK E. ___, CLERK

BY_____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| FRANCES K. BROWN,<br><br>                    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner Social Security<br>Administration,<br><br>                    Defendant. | CV-06-127-BLG-CSO<br><br><br>**ORDER GRANTING**<br>**PLAINTIFF'S MOTION FOR**<br>**AWARD OF ATTORNEY FEES**<br>**PURSUANT TO THE EQUAL**<br>**ACCESS TO JUSTICE ACT,**<br>**28 U.S.C. § 2412(D)** |

Before the Court is Plaintiff Frances K. Brown's ("Brown") Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("*Mtn. for Award*") (Court's Doc. No. 21).  Brown's motion stems from her successful appeal in this Court of the Social Security Commissioner's decision denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-33, 1381-

1

83c.

Brown seeks $3,169.00 in attorney's fees and $455.79 in costs.[1]  *Mtn. for Award* (Court's Doc. No. 21) *at 1-2*.  The Commissioner opposes Brown's motion arguing that his position in the case was substantially justified.  *Objection to Pltf's Mtn. for Award* ("*Comm's Br.*") (Court's Doc. No. 25) *at 2*.

I.   **BACKGROUND**.[2]

In an Order filed June 18, 2007, the Court granted Brown's motion for summary judgment, reversed the Commissioner's decision denying benefits, and remanded the matter for an award of benefits consistent with the Court's findings in the Order.  See *Order* filed June 18, 2007, *at 19-20* (Court's Doc. No. 19).  In reaching its decision, the Court concluded that the ALJ erred as a matter of law when he improperly rejected the opinion of Dr. Schabacker, Brown's treating physician.  *Id. at 8-19*.

---

[1]Brown has calculated the requested attorney's fees for 23.1 hours at a rate of $130 per hour for work completed prior to January 1, 2007, and $150 per hour for work completed thereafter.  She also seeks, as part of the total calculation, 1.2 hours of paralegal work. The $455.79 costs portion of her request includes a $350 filing fee and various smaller amounts for postage, photocopies, and long-distance telephone calls.  The Commissioner has not objected to the reasonableness of time spent on the case, the hourly rates sought, or any of the requested costs.  The Court, therefore, will not address any of those issues.

[2]The parties and the Court are well-acquainted with the background of this matter.  Thus, the Court repeats it here only as necessary.

## II.   *DISCUSSION*

Brown argues that she is entitled to fees and costs as the prevailing party, and because the Commissioner's decision denying benefits was not substantially justified. *Mem. in Spt. of Mtn. for an Award of Atty. Fees* ("*Brown's Br.*") (Court's Doc. No. 22) *at 1-2*. Brown argues that the Commissioner's position was not substantially justified because he improperly rejected the opinion of her treating physician. *Id. at 2*.

In response, the Commissioner argues that Brown is not entitled to attorney's fees because, in denying Brown benefits, the Commissioner's position was substantially justified. *Comm's Br. at 4-5*. The Commissioner argues that the ALJ properly discounted Dr. Schabacker's opinion because it was inconsistent with:  (1) his own objective medical findings; (2) Brown's denial to him of lower extremity weakness; and (3) a lumbar spine MRI revealing a small disc protrusion with mild foraminal narrowing and slight nerve root deviation. *Id. at 5*. Also, the Commissioner argues that Dr. Schabacker's opinion was improperly based on Brown's self-reported, subjective complaints. *Id.*

### A.   *Fees and Costs Under the EAJA*

The EAJA provides:

[A] court shall award to a prevailing party other than the United States fees and other expenses . . ., incurred by that party in any civil action (other than cases sounding in tort) including proceedings for judicial review of agency action, brought by or against

3

the United States . . ., unless the court finds that
the position of the United States was substantially
justified or that special circumstances make an award
unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).  The Court addresses

in the following discussion both whether Brown was the

"prevailing party," and whether the Commissioner's position

throughout this litigation was "substantially justified."

### 1.   *Prevailing Party*

Courts will consider a party a "prevailing party" if it

succeeds on any significant issue in litigation that results in

the party receiving some of the relief sought.  See United States

v. Real Property at 2659 Roundhill Drive, Alamo, Cal., 283 F.3d

1146, 1150-51 (9th Cir. 2002) (hereafter Real Property at 2659

Roundhill).  It is beyond dispute in the instant case that Brown

is the "prevailing party."  The Court reversed the Commissioner's

decision denying Brown benefits, and remanded the case to the

Commissioner for an award of benefits.  Thus, Brown prevailed.

### 2.   *Substantially Justified Position*

To be "substantially justified," the Commissioner's position

must have met "the traditional reasonableness standard – that is

'justified in substance or in the main,' or 'to a degree that

could satisfy a reasonable person.'"  Corbin v. Apfel, 149 F.3d

1051, 1052 (9th Cir. 1998) (quoting Pierce v. Underwood, 487 U.S.

552, 565 (1988)).  The Commissioner's position must have been

"substantially justified" at "each stage of the proceedings."

4

Id. (quoting Williams v. Bowen, 966 F.2d 1259, 1261 (9th Cir. 1991)).  The Commissioner bears the burden of proving substantial justification.  Real Property at 2659 Roundhill, 283 F.3d at 1151 n.7.

Having again reviewed the record, the Court is not persuaded by the Commissioner's argument that his position in this matter was "substantially justified" at every stage of the proceedings. As already noted *supra*, the Court found that the ALJ failed properly to reject the opinion of Brown's treating physician. *Order* filed June 18, 2007, *at 8-19*.  In doing so, the Court engaged in a lengthy discussion detailing its findings that the ALJ: (1) "overstated and mischaracterized parts of Dr. Schabacker's reports," *id. at 11*; (2) "selectively quoted portions of Dr. Schabacker's records, but misinterpreted them as a whole," *id.*; (3) failed to base his conclusion that Dr. Schabacker's opinion was inconsistent with "the entire documented record" on substantial evidence, *id. at 14*; (4) "did not fully address the entire record," *id. at 15*; and (5) failed to state with specificity his reasons for finding Dr. Schabacker's conclusions inconsistent with his treatment notes, *id. at 15.*

It is well-settled that the ALJ may reject the opinions of treating physicians only by setting forth specific, legitimate reasons supported by substantial evidence of record.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  In this case, as

discussed at length in the Court's Order filed June 18, 2007, the ALJ failed to do so.

In light of the settled state of the law with respect to this issue, the Court finds that the Commissioner's position on appeal was not substantially justified.  In arguing here that its position on appeal was substantially justified, the Commissioner does no more than recite essentially the same arguments it relied upon in the appeal.  The Court rejected those arguments.  The Commissioner's position is no more substantially justified now than it was then.  Brown, therefore, is entitled to EAJA fees and costs as requested in her motion.

### III. *CONCLUSION*

Based on the foregoing,

**IT IS ORDERED** that Brown's Motion for Award of Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Court's Doc. No. 21) is GRANTED as set forth herein.  Brown shall recover from the government $3,169.00 in fees, and $455.79 in costs.  The total amount owing of $3,624.79 shall be paid directly to Brown's attorney, Stacy Tempel-St. John.

DATED this day of October, 2007.

Carolyn S. Ostby
United States Magistrate Judge